

# MEMO ENDORSED

## THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**MAURICE L. HUDSON**
Special Federal Litigation Division
(212) 788-8684
fax: (212) 788-9776
mhudson@law.nyc.gov

July 3, 2008



<u>**BY FAX: (212) 805-6326**</u>

Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8 08

Re:    <u>William Lanzott v. New York City (D.O.C.) Riker's Island</u>, 08-CV-3590 (CM)

Your Honor:

I am an attorney in the Office of Michael Cardozo, Corporation Counsel of the City of New York, newly assigned to defend the above-referenced federal civil rights lawsuit. I write on behalf of the City of New York (City) to respectfully request a sixty-day extension of time within which to answer or otherwise respond to the complaint from July 14, 2008, to September 12, 2008, as well as a corresponding adjournment of the initial pretrial conference presently scheduled for July 11, 2008, at 10:00 a.m. I write directly to the Court as plaintiff is presently incarcerated and proceeding *pro se*. The reasons for this request are set forth below.

By way of background, plaintiff alleges in his complaint that on January 15, 2008,[1] at approximately 7:15 a.m., while he was in the custody of the New York City Department of Correction at Rikers Island and residing in Dorm #4, the entire dorm was illegally strip searched in front of each other and in view of the dormitory cameras.

The primary reason for seeking the extension is that, pursuant to our obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office requires additional time to investigate the allegation of illegal strip search. Moreover, as the legality of strip searches in the Second Circuit depends on a variety of factors, it will be necessary to access records pertaining

---

[1] Plaintiff also cites the date as January 15, 2007, in another part of the complaint. The 2007 date appears to be an error.

to plaintiff's arrest, arrest history, criminal prosecution and incarceration history. <u>See</u>, <u>e.g.</u>, <u>Shain</u> <u>v. Ellison</u>, 273 F.3d 56 (2d Cir. 2001); <u>see</u> <u>also</u>, <u>Iqbal v. Hasty</u>, 490 F.3d 143, 170-73 (2d Cir. 2007)(holding that in the Second Circuit, the determination of whether the search of an inmate is reasonable under the Fourth Amendment depends on specific facts and circumstances pertaining to the inmate's status and/or the nature of the institution). It is our understanding that certain records pertaining to plaintiff's arrest and prosecution may be sealed pursuant New York Criminal Procedure Law § 160.50. Accordingly, we are in the process of forwarding the necessary consent authorization to plaintiff so that we can access the sealed records, properly assess the case and respond to the complaint.

No previous request for an extension has been made by either party; the initial conference presently scheduled for July 11, 2008, is the only matter that will affected by this proposed extension. Accordingly, it is respectfully requested that the Court grant the City's application to extend the time to answer or otherwise respond to the complaint from July 14, 2008, to September 12, 2008, as well as a corresponding adjournment of the initial pretrial conference presently scheduled for July 11, 2008, at 10:00 a.m.

Thank you for your consideration of these matters.

Respectfully submitted,

Maurice L. Hudson
Assistant Corporation Counsel

cc:    <u>BY MAIL</u>
      Mr. William Lanzott (#3490502324)
      Plaintiff *Pro Se*
      George Motchan Det. Ctr/Dorm 4
      15-15 Hazen St.
      East Elmhurst, NY 11370

- 2 -